**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| DAVID LANOIE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 19-cv-8172 |
| | ) | |
| UNIVERSITY OF NOTRE DAME DU LAC, | ) | Judge: Hon. Rebecca Pallmeyer |
| | ) | |
| | ) | Magistrate Judge: Hon. Young B. Kim |
| Defendant. | ) | |

**<u>UNIVERSITY OF NOTRE DAME DU LAC'S MOTION TO DISMISS</u>**

NOW COMES Defendant UNIVERSITY OF NOTRE DAME DU LAC ("the University of Notre Dame" or "Notre Dame"), by its attorneys, and pursuant to Fed. R. Civ. Pro. 12(b)(2) or alternatively Fed. R. Civ. Pro. 12(b)(3), hereby moves this Court to dismiss Plaintiff David Lanoie's Complaint for lack of personal jurisdiction and improper venue. Alternatively, pursuant to 28 U.S.C. § 1406(a), the University of Notre Dame requests that this case be transferred to the United States District Court for the Northern District of Indiana. In support of this Motion, the University of Notre Dame states the following:

1. Plaintiff David Lanoie, a citizen of Rhode Island and law student at the University of Notre Dame, filed the instant personal injury action against the University of Notre Dame, attempting to allege negligence in connection with an alleged injury he claims he sustained while he was training on Notre Dame's campus for an amateur boxing tournament known as "Bengal Bouts." (ECF Doc. 1, passsim.)

2. The University of Notre Dame is an Indiana Non-Profit corporation with its principal place of business at its Notre Dame, Indiana campus. (ECF Doc. 1, p. 3.)

3. The federal Due Process Clause permits a court to exercise personal jurisdiction

over a non-resident defendant only when that defendant has certain minimum contacts with the forum such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Pursuant to the Due Process Clause, courts are permitted to exercise either general ("all-purpose") jurisdiction or specific ("conduct-linked") jurisdiction. *Torrent Pharms. Ltd. v. Daiichi Sankyo, Inc.*, 196 F.Supp.3d 871, 879 (N.D. Ill. 2016), citing *Daimler AG v. Bauman*, 571 U.S. 117, 122 (2014).

   4. In order for a court to exercise specific jurisdiction over a non-resident defendant, the suit must arise out of or relate to the defendant's contacts with the forum state. *Bristol-Myers Squibb Co. v. Superior Court*, 137 S.Ct. 1773, 1780 (2017). Because every act and event giving rise to Plaintiff's suit took place in Indiana, the University of Notre Dame is not subject to specific jurisdiction of any Illinois court related to Plaintiff's claim.

   5. General jurisdiction exists only if a defendant's contacts with a state are so continuous and systematic as to render him "essentially at home" in the forum state. *Daimler, Id*. at 122, citing *Goodyear Dunlop Tires Operations, S.A., v. Brown*, 564 U.S. 915, 919 (2011). To date, the Supreme Court has identified only two places where corporate defendants are "at home" for general jurisdiction purposes: the state of the corporation's principal place of business and the state of its incorporation. *Kipp v. Ski Enterprise Corp. of Wisconsin, Inc.*, 783 F.3d 695, 698 (7th Cir. 2015), citing *Daimler*. Because the University of Notre Dame is an Indiana Non-Profit corporation with its principal place of business at its Notre Dame, Indiana campus, it is only subject to general jurisdiction in Indiana.

   6. Since the University of Notre Dame is not subject to the personal jurisdiction of this Court under either general jurisdiction or specific jurisdiction, dismissal is appropriate

pursuant to Fed. R. Civ. Pro. 12(b)(2).

7. Alternatively, venue in this district is improper where Notre Dame is not subject to the personal jurisdiction of this Court. 28 U.S.C. § 1391(b), (c). Furthermore, as a condition of his participation in the Notre Dame Office of RecSports Men's Boxing Club, Plaintiff agreed to a forum selection clause specifying the Northern District of Indiana as the appropriate forum. Accordingly, this Court should dismiss Plaintiff's complaint pursuant to Fed. R. Civ. Pro. 12(b)(3). *Continental Insurance Co. v. M/V Orsula*, 354 F.3d 603 (7th Cir. 2003). If not dismissed outright, this suit should be transferred to the United States District Court for the Northern District of Indiana. 28 U.S.C. § 1406.

WHEREFORE, for the reasons set forth above and set forth in greater detail in its contemporaneously filed Memorandum of Law in Support and exhibit attached thereto, the University of Notre Dame respectfully prays that this Court enter an Order dismissing Plaintiffs' Complaint for lack of personal jurisdiction under Fed. R. Civ. Pro. 12(b)(2), or alternatively, for improper venue under Fed. R. Civ. Pro. 12(b)(3) and 28 U.S.C. § 1406(a).

Respectfully submitted,

UNIVERSITY OF NOTRE DAME DU LAC

By: ___s/ Brendan J. Nelligan___

Richard M. Waris (IL Bar No. 3128520)
Brendan J. Nelligan (IL Bar No. 6237756)
Kayla A. Condeni (IL Bar No. 6316635)
Pretzel & Stouffer, Chartered
One South Wacker Drive - Suite 2500
Chicago, Illinois 60606
Telephone: 312-346-1973
Fax: 312-346-8242
E-Mail: rwaris@pretzel-stouffer.com
bnelligan@pretzel-stouffer.com
kcondeni@pretzel-stouffer.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of December 2019, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing. A copy of this document will be sent to the attorneys below not yet listed on the CM/ECF filing list via U.S. Mail:

*Counsel for Plaintiff*

Jack J. Casciato
Clifford Law Offices, P.C.
120 N. LaSalle Street
Suite 3100
Chicago, IL 60602
312-899-9090
JJC@CliffordLaw.com

    /s/ Brendan J. Nelligan

*One of the Attorneys for the*
*University of Notre Dame Du Lac*